ABRAM L. GIBBS, Appellant, v. THE HOME INSURANCE COMPANY OF NEW YORK, Respondent.— Appeal from a judgment of the Supreme Court, entered in the Sullivan county clerk's office on October 8, 1935, in favor of the defendant against the plaintiff, dismissing the complaint upon the merits and for $124.21 costs, and from an order setting aside the verdict of a jury in favor of the plaintiff. The action is brought upon a fire insurance policy issued on March 29, 1934, insuring a dwelling owned by the plaintiff in the village of Wurtsboro for the period of three years beginning April 19, 1934. The building was partially damaged by fire July 18, 1934. It was unoccupied at the time of the issuance of the policy

and so continued down to the time of the fire. The policy contained the standard provision that it should be void unless otherwise provided by agreement in writing attached thereto while the building was vacant or unoccupied beyond a period of ten days. There was attached to the policy a permit allowing vacancy or unoccupancy for thirty consecutive days in any one policy year. The defendant disclaimed liability because the premises were vacant and unoccupied at the time of the fire and had been so longer than the period permitted by the policy and also urged that the plaintiff himself had set the building on fire. The plaintiff denied that he had set the premises on fire. He also claimed that the defendant had waived the unoccupancy provisions of the policy and was estopped from setting up such unoccupancy as a defense because the defendant's agent knew at the time the policy was issued that the premises had been and were then vacant and unoccupied and were likely to continue so for more than forty days. The trial court submitted the case to the jury for a general verdict and also asked the jury to answer certain specific questions as to whether the agent of the defendant knew at the time the policy was issued that the insured building was then unoccupied and likely to remain so for a period of more than forty days. The jury found a general verdict in favor of the plaintiff of $2,500 and answered the submitted questions to the effect that the agent of the defendant had the knowledge inquired about. The trial court held that the policy was valid when issued and that its terms as to vacancy or unoccupancy were binding upon the parties to the contract and that the defendant had not waived these provisions and was not estopped from setting them up as a defense. It also held that the general verdict of the jury in plaintiff's favor was against the weight of the evidence. The proof as to plaintiff's connection with the origin of the fire was very strong. Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.